IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| J.T., an individual, )<br><br>Plaintiff, )<br><br>v. )<br><br>RED ROOF INNS, INC., *et al.*, )<br><br>Defendants/Third-Party )<br>Plaintiff, )<br><br>v. )<br><br>AXIS SECURITY AND PATROL, INC. )<br>a/k/a AXIS SECURITY and )<br>INVESTIGATIONS, INC., et al. )<br> ) | CASE NO. 2:25-cv-00461<br><br>JUDGE ALGENON L. MARBLEY<br><br>MAGISTRATE JUDGE KIMBLERY A. JOLSON |

**JOINT STATUS REPORT**

Pursuant to the Court's Order dated April 21, 2026, the various parties met and conferred between April 21-26, 2026 and submit this Joint Status Report in advance of the April 30, 2026, in-person conference.  The following counsel will appear at that conference:

Steven Babin on behalf of Plaintiff;

Chelsea Mikula on behalf of Defendant and Third-Party Plaintiff Red Roof Inns, Inc. and Roof Franchising, LLC ("Red Roof");

Sara M. Turner on behalf of Choice Hotels International, Inc. ("Choice"). Choice plans to attend in good faith consistent with the Court's Order, but notes that Choice's Motion to Dismiss or, in the Alternative, to Sever the Claims Against Choice Hotels International, Inc. and Transfer Venue, (ECF No. 50), is pending which includes numerous defenses, including but not limited to personal jurisdiction, and does not intend to waive the same by participating in this Joint Status Report or the court-ordered status conference;

Darryl Tarver on behalf of Wyndham Hotel & Resorts, Inc., Wyndham Worldwide Corporation, and Wyndham Hotel Group, LLC (collectively, the "Wyndham Defendants").

## I.      Common Issues among the TVPRA Cases filed in this Court.

The Parties agree that there are common legal issues among the TVPRA cases that may involve several similar legal issues, including certain elements of Plaintiff's claims and some of Defendants' affirmative defenses.  However, the cases are highly individualized, with case-specific legal issues and unique facts because each plaintiff has alleged a separate trafficking venture over different periods of time and involving different properties and geographic regions, witnesses, alleged traffickers, and brands that impact discovery and defense of the cases. Defendants note that Plaintiff's counsel unsuccessfully has moved for consolidation twice before the Joint Panel on Multidistrict Litigation and in this Court.

In addition, this case, and a number of other cases in which the Wyndham Defendants are named defendants, involve allegations of conduct taking place entirely outside of Ohio and therefore implicate issues related to personal jurisdiction, venue, and choice of law insofar as this Court retains jurisdiction. These issues are further impacted by whether the plaintiff in a particular case was a minor at the time of the alleged trafficking.

With respect to Choice, the allegations in this case involve an alleged venture and alleged conduct taking place entirely outside of Ohio and therefore implicate issues related to personal jurisdiction, venue, and choice of law insofar as this Court retains jurisdiction. These issues are further impacted by whether the plaintiff in a particular case was a minor at the time of the alleged trafficking. Choice participates in this hearing in good faith, but does not waive or intend to waive any defense, including the defense of personal jurisdiction. *See, e.g.*, *N.R. v. Southfield Hotel, LLC*, Case No. 2:25-cv-486-ALM-KAJ, ECF No. 93 (S.D. Ohio).

2

Defendant Choice also points to the procedural history with respect to the TVPRA cases pending before this Court as instructive as it relates to the possible need for individualized hearings on certain issues pertaining to Defendant Choice.[1] This is so, in part, because each case pending against Defendant Choice involves a hotel that was individually owned and operated by a franchisee, giving rise to individualized issues and potentially sensitive information governed by the protective orders in each case. That being said, Defendant Choice recognizes the authority of this Court to "promote efficiency and avoid inconsistent rulings."

**II.       Parties Categorization or Grouping of the TVPRA Cases file in this Court.**

All of the cases filed by Plaintiff's counsel were filed separately at different times. Thereafter, Plaintiff's counsel has attempted to group certain cases into tranches for purposes of case schedules based on the date of filing and the Plaintiff's counsel involved. This grouping can be helpful when considering the schedule for certain cases, but, because of amendments, motion practice, and other facts, some of the later filed cases are further along than the earlier filed cases.

Plaintiff's counsel also groups cases based on the parent company of the franchised brands involved (e.g., the Wyndham Defendants, Choice, G6, Red Roof, Best Western, and IHG) and whether the plaintiff was a minor or an adult at the time of the alleged trafficking. Defendants do not believe these groupings impact the management of any particular case.

Defendant Choice does not group cases in this manner and each of the cases pending with respect to Choice involve entirely separate independently owned and operated hotels located across the country, pertaining to different Plaintiffs, and individually alleged ventures.

**III.      Summary of the Discovery Conducted to Date.**

---

[1] *See, e.g.*, *In re: Hotel Indus. Sex Trafficking Litig.*, 433 F. Supp. 3d 1353, 1356–57 (J.P.M.L. 2020); *In re: Hotel Indus. Sex Trafficking Litig. (No. II)*, 730 F. Supp. 3d 1360, 1363 (J.P.M.L. 2024); *T.D.P. v. Choice Hotels International, Inc.*, Case No. 2:22-cv-03837-ALM-KAJ, ECF No. 41, at 4, 7 (S.D. Ohio Apr. 21, 2024).

Red Roof: To date, the Parties have conducted extensive written discovery and document production that will be utilized in this case. Defendants have produced the universal set of documents (>40,000 documents) and property specific documents based on heavily negotiated and agreed upon search terms and custodians that has been produced in all Southern District of Ohio cases involving Red Roof and Plaintiff's counsel, including this case. Red Roof served written discovery requests which Plaintiff responded to and has supplemented once based on meet and confer efforts.

Choice: Choice has its Motion to Dismiss or, in the Alternative, to Sever the Claims Against Choice Hotels International, Inc. and Transfer Venue, which is fully briefed and pending. (ECF No. 50.) Neither Choice nor Plaintiff have propounded any discovery to one another.

The Wyndham Defendants: The Court approved the Parties' proposed agreement to postpone discovery until resolution of the Wyndham Defendants' dismissal motion, which argues lack of personal jurisdiction and alternatively requests a venue transfer. Dkt. No. 75.

G6: Counsel for the G6 Defendants moved to withdraw (ECF No. 92), which this Court granted in part (ECF No. 94).  This Court gave the G6 Defendants thirty (30) days to secure new counsel, i.e., by May 30, 2026. No counsel has yet appeared. Plaintiff notes that franchised G6 properties are not represented by the Jones Day counsel who represent the wholly-owned G6 properties.

**IV.    Summary of Anticipated Discovery Remaining.**

Plaintiff and Red Roof: Discovery is ongoing and does not have a deadline until December 4, 2026. (ECF No. 75.)

The Wyndham Defendants and Choice: Pursuant to the above in Section III, the Parties have not engaged in any discovery at this stage.

**V.    Pending Motions.**

4

Third Party Defendant B.E.S.T has filed a Motion to Dismiss Red Roof Inn's Third-Party Complaint. (ECF No. 67.) The motion is fully briefed.

The Wyndham Defendants' Motion to Dismiss and/or Transfer Venue (Dkt. No. 49) is fully briefed and pending.

Choice's Motion to Dismiss or, in the Alternative, to Sever the Claims Against Choice Hotels International, Inc. and Transfer Venue, (ECF No. 50), is fully briefed and pending.

**VI.     Readiness of the Case for Mediation and/or Previous Mediation Attempts.**

Plaintiff and Red Roof: The parties do not believe mediation would be fruitful at this juncture.

The Wyndham Defendants: Plaintiff has not made a demand or specified the damages she is seeking, either globally or by Defendant, and the timing and amount of demands the Wyndham Defendants have varied dramatically between cases (in those cases in which a plaintiff makes a demand at all). Nevertheless, the Wyndham Defendants are open to mediation at any time, provided it includes the franchisees who owned and operated the hotels at issue and the franchisees' insurers, whose policies typically include the Wyndham Defendants as additional insureds.

Plaintiff and Choice believe that mediation would not be fruitful at this juncture and that a ruling on the pending Motion to Dismiss or, in the Alternative, to Sever the Claims Against Choice Hotels International, Inc. and Transfer Venue, (ECF No. 50), is necessary before mediation will be productive.

5

**VII.     Agenda Items for In-Person Conference on April 30, 2026.**

Third Party Defendant B.E.S.T.'s seeks a hearing on its Motion to Dismiss the Third Party

Complaint.


Respectfully submitted,

**/s/ Steven C. Babin, Jr.**
Steven C. Babin, Jr. (0093584)
Penny L. Barrick (0074110)
Babin Law, LLC
10 W. Broad Street, Suite 900
Columbus, Ohio 43215
T: (614) 761-8800
steven.babin@babinlaws.com
penny.barrick@babinlaws.com


*Attorneys for the Plaintiff*



*/s/ Jennifer Snyder Heis*
Jennifer Snyder Heis (#0076181)
(Trial Attorney)
**UB GREENSFELDER LLP**
312 Walnut St., Suite 1400
Cincinnati, Ohio 45202
(513) 698-5058
jheis@ubglaw.com

*/s/ Sara M. Turner*
Sara M. Turner (admitted *pro hac*)
**BAKER, DONELSON, BEARMAN,
CALDWELL & BERKOWITZ, P.C.**
1901 Sixth Avenue North, Suite 2600
Birmingham, Alabama 35203
(205) 250-8316
smturner@bakerdonelson.com

*Attorneys for Defendant Choice Hotels International, Inc.*


*/s/ Aaron T. Brogdon*
Aaron T. Brogdon (0081858)
Frost Brown Todd LLP

6

10 West Broad Street, Suite 2300
Columbus, OH 43215
T: 614-464-1211
F: 614-464-1737
abrogdon@fbtlaw.com

*Counsel for Defendants Wyndham Hotels & Resorts, Inc., Wyndham Hotel Group, LLC, and Wyndham Worldwide Corporation*

**Certificate of Service**

The undersigned hereby certifies that on April 27, 2026, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all counsel of record.

/s/ Penny L. Barrick
Penny L. Barrick (0074110)